Christopher J. Dalton
BUCHANAN INGERSOLL & ROONEY PC
Incorporated in Pennsylvania
550 Broad Street, Suite 810
Newark, New Jersey 07102
973-273-9800
Attorneys for Plaintiff,
  Mint Hill/Kerr/Nashville, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MINT HILL/KERR/NASHVILLE, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: |
| ) | |
| v. ) | |
| ) | **COMPLAINT** |
| SPC ACQUISITION COMPANY LLC, ) | |
| DONALD HANSON, STUART ALPERT, ) | |
| PETER HANSON, and FIRST AMERICAN ) | |
| TITLE INSURANCE COMPANY, INC., ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Mint Hill/Kerr/Nashville, LLC ("Plaintiff"), as and for its Complaint against Defendants, states as follows:

### Parties

1. Plaintiff is a Delaware Limited Liability Company, with a principal place of business in Pittsburgh, Pennsylvania.

2. Defendant SPC Acquisition Company LLC ("SPC") is a New Jersey Limited Liability Company, with a principal place of business at 235 Moore Street, Hackensack, New Jersey. Defendant Donald Hanson is President of and, upon information and belief, a principal in, SPC, and exercises control over SPC. Defendant Stuart Alpert is a Managing Member of SPC and, upon information and belief, exercises control over SPC. Defendant Peter Hanson is a Managing Member of SPC and, upon information and belief, exercises control over SPC. (SPC,

Donald Hanson, Stuart Alpert, and Peter Hanson are collectively referred to as the "SPC Defendants").

3. Defendant First American Title Insurance Company, Inc. ("First American") is a foreign corporation with a principal place of business in Santa Ana, California, and a New Jersey place of business at 104 Carnegie Center, Princeton, New Jersey.

## Jurisdiction and Venue

4. This is a civil action for money damages arising out of (a) Defendant SPC's failure to complete a real estate transaction and pay monies owed as a result of its failure to complete the transaction and (b) Defendant First American's refusal to turn over to Plaintiff earnest monies in escrow due and owing to Plaintiff as a result of SPC's failure to complete the transaction.

5. This Court has jurisdiction over the controversy pursuant to 28 U.S.C. § 1332(a)(1) based on the diversity of the parties. The amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Venue is proper under 28 U.S.C. § 1391 because Defendant SPC's principal place of business is in Hackensack, New Jersey and Defendant First American's principal place of business is in Princeton, New Jersey.

## Factual Background

7. On March 18, 2014, Plaintiff entered into an agreement (the "Agreement") to sell to SPC a property located in Nashville, North Carolina. The Agreement (with exhibits) is attached hereto as Exhibit 1.

8. Pursuant to the Agreement, the purchase price for the property was $3,968,790. *See* Exhibit 1, Agreement, Section 3.

9. First American was selected by the parties to act as escrow agent for the transaction. *See* Exhibit 1, Agreement, Section 4 and Signature Page.

10. The Agreement required SPC to deposit $100,000 earnest money in escrow with First American within three days of the Agreement's execution, and then deposit another $100,000 earnest money within three days after the "due diligence" period of twenty days after execution of the Agreement. *See* Exhibit 1, Agreement , Sections 4, 6.

11. SPC failed to make the initial earnest money payment within three days of the Agreement's execution. Therefore, in accordance with the Agreement, on March 25, 2014, Plaintiff provided SPC with written notice of default and a ten-day opportunity to cure. *See* Exhibit 2, March 25, 2014 Default Notice Letter.

12. Thereafter, on or about April 3, 2014, SPC deposited with First American the initial $100,000 earnest money payment.

13. The Due Diligence period ended on April 7, 2014. SPC then had three days to deposit the second $100,000 earnest money payment. SPC failed to make the second earnest money payment in accordance with the Agreement.

14. Therefore, on April 21, 2014, in accordance with the Agreement, Plaintiff provided SPC with written notice of default and a five-day opportunity to cure. *See* Exhibit 3, April 21, 2014 Default Notice Letter.

15. Thereafter, on or about April 28, 2014, SPC deposited with First American the second $100,000 earnest money payment.

16. On April 30, 2014, SPC invoked its right, under Section 10 of the Agreement, to extend the closing date of the transaction from May 7, 2014 to June 6, 2014. However, SPC did not make the additional $100,000 earnest money payment required to do so under the

Agreement. Therefore, on June 9, 2014, in accordance with the Agreement, Plaintiff provided SPC with written notice of default and a five-day opportunity to cure. *See* Exhibit 4, June 9, 2014 Default Notice Letter.

17. SPC indicated its continued desire and intent to complete the transaction and, on June 20, 2014, the parties entered into an amendment to the Agreement (the "Amendment"). Additionally, as a signatory to the Amendment, First American agreed to be bound by the Amendment. *See* Exhibit 5, June 20, 2014 Amendment.

18. In the Amendment, SPC acknowledged that it had not deposited with First American the additional $100,000 earnest money payment required to extend the closing date of the transaction. In exchange for a non-refundable $20,000 increase in the purchase price of the property, Plaintiff agreed to extend the closing date to July 14, 2014 *provided* SPC, no later than 5:00 p.m. EST June 23, 2014, (a) deposited with First American the additional $100,000 earnest money payment connected with extending the closing date and (b) remitted directly to Plaintiff the non-refundable $20,000 purchase-price increase. SPC further waived its right to cure any default unless it could demonstrate, within one day of such default, that payment had been made in accordance with the Amendment but not deposited with First American through no fault of SPC. Finally, SPC acknowledged in the Amendment that (a) Plaintiff completed and satisfactorily performed all of Plaintiff's obligations under the Agreement and (b) Plaintiff satisfied all conditions to closing, including delivery of all closing documents into escrow with First American. *See*, Exhibit 5, June 20, 2014 Amendment.

19. Once again, SPC failed to comply with its contractual obligations. Therefore, on June 26, 2014, Plaintiff provided First American with written notice, as required under the Amendment, of SPC's default and First American's requirement to remit to Plaintiff the

$200,000 in earnest money held in escrow by First American. *See* Exhibit 6, June 26, 2014 Default Notice Letter.

20. At all times prior to SPC's breach and Plaintiff's consequent termination of the Agreement and Amendment, Plaintiff was ready, willing, and able to perform the transaction contemplated in the Agreement and Amendment.

21. Plaintiff has demanded, in accordance with the Agreement and the Amendment, that First American remit to it the $200,000 in earnest money held by First American.

22. SPC has objected, without grounds or justification, to First American's remittance of the $200,000 in earnest money held in escrow.

23. Despite demand therefor, First American has failed and refused to remit to Plaintiff the $200,000 in earnest money held in escrow in accordance with the Agreement and the Amendment.

24. Pursuant to Sections 16(e) and 25 of the Agreement, the prevailing party in any litigation arising out of the Agreement is entitled to recover its litigation expenses, including attorneys' fees.

## COUNT ONE

### Breach of Contract by the SPC Defendants

25. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

26. Demand has been made of SPC to deposit with First American, for the benefit of Plaintiff, the additional $100,000 earnest money payment required to extend the closing date of the transaction in accordance with the Agreement.

27. Demand has been made of SPC to remit to Plaintiff the non-refundable $20,000 payment required under the Amendment in connection with extension of the closing date of the

5

transaction.

28. SPC has failed and refused to make payment of the additional earnest money or closing-extension payment.

29. Upon information and belief, Defendants Donald Hanson, Stuart Alpert, and/or Peter Hanson, have directed SPC to fail and refuse to make payment and to object to Plaintiff's demands that First American turn over the earnest monies held in escrow.

30. Plaintiff has been damaged by SPC's failure to pay the monies owed and acknowledged as owing by SPC and the SPC Defendants' interference with Plaintiff's rights to obtain from First American, under the Agreement and Amendment, the escrowed funds.

**WHEREFORE**, Plaintiff demands judgment in its favor and against SPC and Hanson, as follows:

    a. for damages in the amount of $120,000;

    b. for attorneys' fees and costs;

    c. for pre-judgment interest; and

    d. for such other and further relief as the court deems appropriate.

## COUNT TWO

### Breach of the Implied Covenant of Good Faith and Fair Dealing by SPC Defendants

31. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

32. In every contract there is an implied covenant of good faith and fair dealing.

33. The implied covenant of good faith and fair dealing requires contracting parties to deal fairly and faithfully with each other and prohibits conduct which violates the reasonable expectations of the other party.

34. The conduct of the SPC Defendants violates their duties under the implied

covenant of good faith and fair dealing.

35. Plaintiff has been damaged as a result of the SPC Defendants' wrongful conduct.

**WHEREFORE**, Plaintiff demands judgment in its favor and against SPC and Hanson, as follows:

    a. for damages in the amount of $120,000;

    b. for attorneys' fees and costs;

    c. for pre-judgment interest; and

    d. for such other and further relief as the court deems appropriate.

## COUNT THREE

### Tortious Interference with Contract by SPC Defendants

36. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

37. Pursuant to the Agreement, the Amendment, and the Escrow Agreement, upon SPC's default and Plaintiff's termination of the Agreement and Amendment based on that default, First American was required to turn over to Plaintiff all earnest monies on deposit with First American.

38. The SPC Defendants were aware of First American's obligations under the Agreement, the Amendment, and the Escrow Agreement.

39. The SPC Defendants, without grounds or justification, objected to First American turning over to Plaintiff the earnest monies on deposit with First American.

40. As a result of the SPC's wrongful objection, First American has refused to turn over to Plaintiff the earnest monies on deposit with First American.

41. The conduct of the SPC Defendants tortuously interfered with Plaintiff's rights and expectations under the Agreement, the Amendment, and the Escrow Agreement.

42. Plaintiff has been damaged as a result of the SPC Defendants' wrongful conduct.

**WHEREFORE**, Plaintiff demands judgment in its favor and against SPC and Hanson, as follows:

    a. for damages in the amount of $120,000;

    b. for punitive damages in an amount to be determined at trial;

    c. for attorneys' fees and costs;

    d. for pre-judgment interest; and

    e. for such other and further relief as the court deems appropriate.

## COUNT FOUR

### Breach of Contract by First American

43. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

44. Pursuant to the Agreement and the Amendment, upon SPC's default, written notice of same, and SPC's failure to cure, First American was required to remit to Plaintiff all earnest monies held by it.

45. Demand has been made of First American to remit to Plaintiff all earnest monies held by it.

46. First American has failed and refused to remit to Plaintiff the earnest monies held in escrow.

47. Plaintiff has been damaged as a result of First American's wrongful conduct.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant First American, as follows:

    a. for damages in the amount of $200,000;

    b. for attorneys' fees and costs;

    c.    for pre-judgment interest; and

    d.    for such other and further relief as the court deems appropriate.

                **BUCHANAN INGERSOLL & ROONEY PC**
                **Attorneys for Plaintiff,**
                **Mint Hill/Kerr/Nashville, LLC**


                **By:  s/ Christopher J. Dalton**
                      **Christopher J. Dalton**

Dated: July 11, 2014


## **LOCAL CIVIL RULE 11.2 STATEMENT**

    I hereby certify that the matter in controversy herein is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                **BUCHANAN INGERSOLL & ROONEY PC**
                **Attorneys for Plaintiff,**
                **Mint Hill/Kerr/Nashville, LLC**


                **By:  s/ Christopher J. Dalton**
                      **Christopher J. Dalton**

Dated: July 11, 2014