JOHN R. ALTIERI   Document Electronically Filed
Attorney at Law
25 East Salem Street
P.O. Box 279
Hackensack, NJ  07602-0279
(201) 343-6525
Attorney for Defendants
SPC ACQUISITION COMPANY, LLC,
DONALD HANSON, STUART ALPERT
AND PETER HANSON

```
              UNITED STATE DISTRICT COURT
                      FOR THE
                DISTRICT OF NEW JERSEY
------------------------------
MINT HILL/KERR/NASHVILLE, LLC,
                              Civil Action No.:
                              2:14-cv-04401 (WHW-CLW)
           Plaintiff,         CIVIL ACTION
      vs.

SPC ACQUISITION COMPANY, LLC,
DONALD HANSON, STUART ALPERT,   MOTION RETURNABLE:
PETER HANSON and FIRST AMERICAN MONDAY, OCTOBER 20, 2014
TITLE INSURANCE COMPANY, INC.,

           Defendants.
------------------------------
```

**DEFENDANTS' BRIEF IN SUPPORT OF CROSS-MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 7 (c) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**Oral argument is requested.**

Dated: October 6, 2014                    /s/ John R. Altieri
                                             JOHN R. ALTIERI

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT:** 4

**RESPONSIVE STATEMENT OF MATERIAL FACTS:** 5

**POINT I**   COUNT TWO – "BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING BY SPC DEFENDANTS" MUST BE DISMISSED WITH PREJUDICE: 7

**POINT II**  COUNT THREE – "TORTIOUS INTERFERNECE WITH CONTRACT BY SPC DEFENDANTS MUST BE DISMISSED WITH PREJUDICE: 8

**POINT III** DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PLEADINGS: 11

**POINT IV**  COUNT ONE – "BREACH OF CONTRACT BY THE SPC DEFENDANTS" MUST BE DISMISSED AS TO THE INDIVIDUAL DEFENDANTS: 12

**CONCLUSION:** 14

**TABLE OF AUTHORITIES**

Agostino v. Collier Twp., 2009 WL 2168841 (W.D.Pa.) 11

American Capital v. Fortigent LLC, 2014 WL 1210580 (D.N.J.) 10

Daley v. Haddonfield Lumber, Inc., 943 F. Supp. 464 (D.N.J. 1996) 12

DiMaria Const. v. Interarch, 351 N.J. Super. 558 (App. Div. 2001) 9,10

Nostrame v. Santiago, 213 N.J. 109 (2013) 10

Oh v. AT&T, 76 F.Supp. 2d 551 (D.N.J.1999) 11

Printing Mart-Morristown v. Sharp Electronics, 116 N.J. 739 (1989) 9

Rich v. Bongiovanni, 4. N.J. Super. 243 (App. Div. 1949) 13

Shinn v. Champion Mortgage, 2009 WL 4250058 (D.N.J.) 8

Wade v. Kessler Institute, 343 N.J. Super. 338 (App. Div. 2001) 7,8

Wilson v. Amerada Hess Corp., 168 N.J. 236 (2001) 7

Federal Rules of Civil Procedure: Rule 12.  4,11,12

N.C.G.S.A. Sec 22-2.  13

**PRELIMINARY STATEMENT**

Defendants Cross-Move for Judgment on the Pleadings to dismiss with prejudice Counts Two and Three of the Complaint as these Counts plainly – on the face of the Complaint alone - fail to state claims upon which relief can be granted against any of the defendants.  Also the individual defendants, Donald Hanson, Stuart Alpert and Peter Hanson are alleged to be agents for a disclosed principal and are not parties to the real estate purchase and sale contract alleged by plaintiff to have been breached by defendant SPC Acquisition Company, LLC Therefore Count One must be dismissed with prejudice as to these individual defendants. Plaintiff's claims against defendants for "Breach of the Implied Covenant of Good Faith and Fair Dealing (Count Two) and "Tortious Interference with Contract" (Count Three) are without merit.

Defendants' Answer and Affirmative Defenses interpose assertions which squarely contravene the allegations of the Complaint and thus, at this early stage of the litigation, the standards of Rules 12(b)(6) and 12(c) dictate that the Plaintiff's motion be denied in its entirety.

Therefore, the entire complaint should be dismissed with prejudice as to the defendants Donald Hanson, Stuart Alpert

and Peter Hanson leaving only Count One, as to the defendant SPC Acquisition Company, LLC, surviving to proceed to discovery.

### RESPONSIVE STATEMENT OF MATERIAL FACTS

At this stage of the litigation the Court can only match the allegations of the Complaint against the contravening allegations of the Answer. There is no additional record; there is no evidence.

Even though Plaintiff's Motion is not a Motion for Summary Judgment, Plaintiff has chosen to provide a "Statement of Material Facts" which is merely a recitation of the allegations contained in the Complaint. Defendants have denied, in their answer, that the Plaintiff is entitled to the relief demanded in the Complaint as follows: Excerpts from the Answer follow;

Paragraph 7. Deny the allegations contained in paragraphs 18, 19, 20 and 24 of the Complaint because the Complaint refers to exhibits, documents and writings between the parties which are subject to authentication and interpretation; defendants deny plaintiff's conclusions and interpretations of excerpts of the agreements, writings and understandings of the parties. <u>Deny that any of the individual defendants were personally parties to any agreement with plaintiff. Plaintiff did not demonstrate to defendant, it was at all times alleged ready and able to close.</u>

Paragraph 8. Deny the allegations contained in paragraphs 21, 22 and 23 of the <u>Complaint as the escrow money held by defendant First American Title Insurance Company, Inc. has been released and paid to plaintiff.</u>

Paragraph 10. Deny the allegations contained in paragraphs 26, 27, 28, 29 and 30 of the Complaint except admit that additional payments were not made by defendant SPC

ACQUISITION COMPANY, LLC into escrow <u>as plaintiff did not prove it was ready and able to close as agreed. Further none of the individual defendants were a party to any agreement with the plaintiff</u>

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

<u>The individual defendants did not enter into or breach any contracts with plaintiff.</u>

**<u>[Emphasis Added]</u>**

The foregoing allegations of the answer squarely meet and contravene the allegations of the complaint which are also contained in the Statement of Material Facts. Thus on a Motion for Judgment on the Pleadings, the court <u>accepts as true the allegations of the non-moving party,</u> that is the defendants in opposition to the plaintiff's motion; and the Court rejects the challenged assertions in the moving party's pleadings. Thus Plaintiff's motion must be denied.

As argued in detail below the claims for breach of the Implied Covenenant of Good Faith and Fair Dealing and Tortious Interference with Contract must be dismissed as a matter of law. Defendant is entitled to commence discovery as to the remaining claim for Breach of Contract, Count One against SPC only.

**POINT I**

**COUNT TWO "BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING BY SPC DEFENDANTS" <u>MUST BE DISMISSED WITH PREJUDICE</u>**

The Court may not rewrite the parties' contract under the guise of enforcing a purported "covenant of good faith and fair dealing". An "implied covenant of good faith and fair dealing cannot override an express term in a contract. . ." *Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 244 (2001). Obviously, a defendant does not breach any covenant of good faith and fair dealing by enforcing and acting consistently with the specific terms of a contract to which he is a party. *Wilson v. Amerada Hess Corp.,* 168 N.J. 236, 251,(2001) ("Without bad motive or intention, discretionary decisions that happen to result in economic disadvantage to the other party are of no legal significance"). The Complaint contains no allegations of any facts stating a claim supporting "bad faith".

The individual defendants are not named parties to the contract. Any claim by Plaintiff against the individual defendants for breach of the duty of good faith and fair dealing requires the existence of a contract between Plaintiff and these individual defendants. *Wade v. Kessler Institute,* 343 N.J. Super.

7

338, 351(App. Div. 2001) (Before the issue of good faith and fair dealing is addressed it should be determined if there is a contract); *Shinn v. Champion Mortg.,* 2009 WL 4250058, * 3 (D.N.J. 2009) (holding that plaintiffs failed to state a claim for breach of duty of good faith and fair dealing because there was no contractual relationship between plaintiffs and defendant). Consequently, "[i]n the absence of a contract, there can be no breach of an implied covenant of good faith and fair dealing." *Wade,* at 345, 584. Thus Count Two should be dismissed.

### POINT II

### COUNT THREE –"TORTIOUS INTERFERENCE WITH CONTRACT BY SPC DEFENDANTS" MUST BE DISMISSED WITH PREJUDICE

Plaintiff claims that the "SPC Defendants" (defined by Plaintiff collectively as SPC Acquisition Company, LLC, Donald Hanson, Stuart Apert and Peter Hanson) tortiously interfered with the sale contract and an escrow agreement among the parties. Count Three of the Complaint should be dismissed at this pleading stage of the case as it is moot: The plaintiff filed a Stipulation of Dismissal with Prejudice as to defendant First American Title Insurance Company, Inc. on August 6, 2104. See Docket entry No. 10. As stated in the answer (Docket entry No. 11) at paragraph 8, "the escrow money held by defendant First

8

American Title Insurance Company, Inc. has been released and paid to plaintiff".

To the extent plaintiff maintains there remains any remnant of this tortious interference claim this claim should also be dismissed. Plaintiff has no claim against defendants for tortious interference. A party cannot "interfere" with its own contract. A party to a contract either performs in accordance with it or breaches it; he does not "interfere" with his own deal. *Printing Mart-Morristown v. Sharp Electronics Corp.,* 116 N.J. 739, 753 (1989) ("More significant is our determination that it is 'fundamental' to a cause of action for tortious interference with a prospective economic relationship that the claim be directed against defendants who are not parties to the relationship … When a person interferes with the performance of his or her own contract, the liability is governed by principles of contract law…" (internal citations omitted)). By extension, when a principal is party to a contract, his agent also either performs under that contract or breaches it, and, likewise, that agent cannot be said to interfere with a contract of his principal. Thus, no claim may lie against an agent for tortious interference with the contract of his principal. *DiMaria Construction, Inc. v Interarch,* 351 N.J. Super 558, 568,(App. Div. 2001) ("Since *Printing Mart*, a clear-cut consensus has emerged that if an employee or agent is acting on behalf of his

or her employer or principal, then no action for tortious interference will lie"). Accordingly, the motion to dismiss the claim for tortious interference should be granted, with prejudice.

There can be no tangential tortious interference claim against a third party, for breach of the *underlying contract* is an essential element to a claim for tortious interference. *Nostrame v. Santiago*, 213 N.J. 109, (2013) ("Thus the general rule defining the elements of tortious interference with an existing contract is: One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract . . .") (emphasis added). In this case SPC denied it breached its contract with Plaintiff and Plaintiff dismissed it claim of breach of contract against First American. See also, *American Capital v. Fortigent, LLC*, 2014 WL 1210580*5(D.N.J.)(Thompson,J.).

Second, even if Plaintiff could state a sustainable claim against First American or the "SPC defendants" for breach of contract, Borrower's claim for tortious interference against the individual defendants – alleged agents – fails as a matter of law.  principles of contract law…" (internal citations omitted)). *DiMaria*, *supra*.

**POINT III**

**DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PLEADINGS**

The Court should grant judgment on the pleadings dismissing Counts Two and Three of the Complaint and Count One as to the individual defendants pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Court need look no further than the pleadings themselves, and even accept Plaintiff's allegations as true, to determine that the tortious interference, lack of good faith and fair dealing and personal liability of the individual defendants fail to state claims as a matter of law. The standard used for a Rule 12(c) dismissal motion is the same as that used under Rule 12(b)(6), only the timing of filing the motion is different. *Oh v. AT&T Corp.*, 76 F.Supp.2d 551, 554 (D.N.J.1999):

> "The question is whether the claimant can prove any set of facts consistent with his or her allegations that will ultimately prevail."

Even if the court accepts Plaintiff's allegations as true, Counts Two and Three, and that part of Count One which seeks personal liability of the individual defendants should be dismissed. See e.g. *Agostino v. Collier Township,* 2009 WL 2168841(W.D.Pa.). Defendants are entitled to judgment dismissing all but Count One of the Complaint as to SPC only.

11

Further, the court should deny Plaintiff's motion for Judgment on the pleadings in it's entirely. Under Rule 12(c) the standard to be applied it that used for Rule 12(b)(6) Motions to Dismiss for Failure to State a Claim. The answer allegeges that while defendant SPC did not remit the final $120,000.00 allegedly due to plaintiff, defendant avers in its answer that the Plaintiff had not shown it was ready and willing and able to consummate the comptemplated real estate closing. The rejection by defendants of plaintiff's mere allegation that <u>after the last extension</u> that it was able to close is controverted. Accepting the allegation in the answer as true and rejecting for the purposes of the motion Plaintiff's allegations, requires the Court to deny the Plaintiff's Motion for Judgment on the Pleadings in its entirely. *Daley v. Haddonfield Lumber Inc.* 943 F.Supp. 464 (D.N.J. 1996)

**POINT IV**

**COUNT ONE "BREACH OF CONTRACT BY THE SPC DEFENDANTS"**
<u>**MUST BE DISMISSED AS TO THE INDIVIDUAL DEFENDANTS**</u>

Plaintiff has wrongfully attempted to impose personal liability on the individual defendants; plaintiff alleges they acted – if at all – as agents on behalf of the disclosed principal defendant SPC Acquisition Company, LLC. The contract and agreements submitted to the Court with Plaintiff's Complaint

as Exhibits all show that the contracting party as buyer was "SPC ACQUISITION COMPANY, LLC and execution of the documents was by "Roebling Investment Company, Inc. Managing Member". Defendants Donald Hanson, Stuart Alpert and Peter Hanson are obviously not parties to the contract and cannot be liable for breach of the contract. Therefore Count One of the Complaint should be dismissed as to these individual defendants.

The individual defendants did not enter into or breach any contracts with plaintiff. Where an agent is acting within the scope of his authority makes a contract in the name of a disclosed principal, the agent does not incur any liability to a third person. *Rich v. Bongiovanni,* 4 N.J. Super. 243 (App. Div.1949). Further, as in New Jersey, for transfers of real estate, the North Carolina Statute of Frauds requires a signed writing for ". . . the party to be charged therewith. . ." N.C.G.S.A. Sec. 22-2.

Thus because Counts One, Two and Three fail to state a claim against the individual defendants the Motion for Judgment on the Pleadings dismissing the entire complaint with prejudice as to these individual defendants should be granted.

## **CONCLUSION**

Based upon the foregoing, Plaintiff's motion should be denied and defendants' Motion granted.