# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MINT HILL/KERR/NASHVILLE, LLC, | )<br>) |
| Plaintiff, | ) Civil No.: 2:14-cv-04401<br>) |
| v. | )<br>) |
| SPC ACQUISITION COMPANY LLC, DONALD HANSON, STUART ALPERT, PETER HANSON, and FIRST AMERICAN TITLE INSURANCE COMPANY, INC., | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

---

# REPLY BRIEF IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND IN OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

---

Christopher J. Dalton
BUCHANAN INGERSOLL & ROONEY PC
Incorporated in Pennsylvania
550 Broad Street, Suite 810
Newark, New Jersey 07102
973-273-9800
Attorneys for Plaintiff,
 Mint Hill/Kerr/Nashville, LLC

# TABLE OF CONTENTS

Preliminary Statement..................................................................................................... 1

Legal Argument .............................................................................................................. 2

Conclusion ...................................................................................................................... 5

# TABLE OF AUTHORITIES

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937 (2009) ............................................................ 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)) ...................................................................................... 3

*DiCarlo v. St. Mary Hosp.*,
    530 F.3d 255 (3d Cir. 2008) ........................................................................... 2

*Evancho v. Fisher*,
    23 F.3d 347 (3d Cir. 2005) ............................................................................. 3

*Hartford Accident & Indem. Co. v. Hood*,
    40 S.E.2d 198 (N.C. 1946) ............................................................................. 3

*Piedmont Bank & Trust Co. v. Stevenson*,
    339 S.E.2d 49 (N.C. App.), *aff'd per curium*, 344 S.E.2d 788 (1986)............... 4

*Phillips v. County of Allegheny*,
    515 F.3d 224 (3d Cir. 2008) ........................................................................... 2

*Spruill v. Gillis*,
    372 F.3d 218 (3d Cir. 2004) ........................................................................... 2

## **PRELIMINARY STATEMENT**

The Parties' contracts say what they mean and mean what they say. Defendant SPC Acquisition Company LLC ("SPC") agreed, in writing, that Plaintiff Mint Hill/Kerr/Nashville, LLC ("Mint Hill") had satisfied all conditions to close on the sale of the property at issue and, if SPC failed to make the additional payments of $120,000 on time, waived its right to cure any default. SPC defaulted and Mint Hill sued.

In its Answer, SPC admits its default. *See*, *e.g.*, Answer (DE 11) at ¶ 10 (admitting "that additional payments were not made by defendant SPC ACQUISITION COMPANY, LLC into escrow…"). SPC claims, however, that Mint Hill "did not demonstrate to defendant, it was at all times alleged ready and able to close." *See*, *e.g.*, *id.* at ¶ 7, ¶ 10 ("plaintiff did not prove it was ready and able to close as agreed"). This assertion is irrelevant: SPC *had agreed in writing* that Mint Hill had performed all of its obligations to close and was ready to do so. The agreement has *no* requirement that Mint Hill "prove it was ready and able to close." SPC has no defense to Mint Hill's claims. The SPC Defendants' opposition/cross-motion does not change this indisputable fact. Mint Hill is entitled to judgment on the pleadings as a matter of law.

1

# LEGAL ARGUMENT

## Mint Hill is Entitled to Judgment as a Matter of Law.

There is no material dispute that SPC is in breach of contract. Defendants admit in their Answer that SPC failed to pay to Mint Hill the additional, non-refundable $120,000 payments due to Mint Hill under the June 20 Amendment. And SPC specifically ***acknowledged in that writing*** that Mint Hill had satisfied ***all*** conditions of closing. *See* Comp., Ex. 5, ¶3. In their opposition/cross-motion, the SPC Defendants argue that judgment on the pleadings is inappropriate because their Answer "interpose[s] assertions which squarely contravene the allegations of the Complaint…" *See* Opp. at 4; *id.* at 5, 6, 12. That's all well and good, but simply "contravening" an allegation in a complaint cannot and does not defeat judgment on the pleadings.

Rule 12(c) motions are subject to the same standard as Rule 12(b)(6) motions, *Spruill v. Gillis*, 372 F.3d 218, 223 n. 2 (3d Cir. 2004) – albeit reversed in this case since Plaintiff is affirmatively moving for judgment on the pleadings. And under Rule 12(b)(6), a court must accept the non-moving party's well-pleaded factual allegations as true and construe those allegations in the light most favorable to that non-moving party, *see Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008), ***but the court must disregard any unsupported conclusory statements***. *See also DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262-63 (3d Cir.

2008); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (a pleading does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)); *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005) ("[A] Court need not credit… 'bald assertions'… in a complaint when deciding a motion to dismiss"). But that's all the SPC Defendants have presented: the unsupported conclusory statement that "we don't agree" without any factual support for their disagreement.

In the June 20 Amendment, SPC acknowledged in writing that Mint Hill had satisfied all conditions of closing. Three days later, SPC failed to make the payments required under the June 20 Amendment – as it admits in its Answer. There is no question of material fact warranting denial of Mint Hill's motion for judgment on the pleadings. Lengthy discovery and motion practice will not change the facts that SPC (1) acknowledged that Mint Hill had met all conditions to closing and (2) admittedly defaulted on its obligations to close, entitling Mint Hill to the additional $120,000 payments regardless of whether, in fact, the closing occurred.

Simply stated, the Parties' contracts say what they mean and mean what they say. *Hartford Accident & Indem. Co. v. Hood*, 40 S.E.2d 198, 201 (N.C. 1946) ("It must be presumed the parties intended what the language used clearly expresses, and the contract must be construed to mean what on its face it purports to mean.")

3

(citations omitted).  Mint Hill met its obligations; SPC did not.  Mint Hill is entitled, as a matter of law, to judgment on the pleadings against SPC in the amount of $120,000.  *Piedmont Bank & Trust Co. v. Stevenson*, 339 S.E.2d 49, 52 (N.C. App.) ("When the language of the contract is clear and unambiguous, construction of the agreement is a matter of law for the court…") (internal citations omitted), *aff'd per curium*, 344 S.E.2d 788 (1986).

Because Defendants admit liability for breach of contract entitling Mint Hill to judgment on the pleadings, Mint Hill need not (for purposes of this motion) rely on its alternative theory of liability for breach of the implied covenant of good faith and fair dealing (Count Two).[1]  And because First American has released the escrow funds which the SPC Defendants had wrongfully instructed First American to withhold, Count Three (alleging tortious interference) is moot.[2]

---

[1] In opposition to Mint Hill's implied-covenant claim, Defendants correctly argue that the "Court may not rewrite the parties' contract…" Opp. at 7.  Yet that is precisely what Defendants want this Court to do in opposing Mint Hill's claim for breach of contract:  Defendants ask the Court to rewrite the June 20 Amendment to include a provision that Mint Hill "prove it was ready and able to close as agreed…"  The Agreement and June 20 Amendment are clear and unambiguous and must be enforced as written.  The requirement Defendants seek to impose is not contained in the Parties' agreement.  Rather, SPC defaulted and, as the Parties agreed, Mint Hill is entitled to the additional $120,000 payments.  Mint Hill is entitled to judgment on the pleadings.

[2] If the Court denies Mint Hill's motion for judgment on the pleadings, it should likewise deny Defendants' cross-motion to dismiss the individual defendants as discovery may develop facts demonstrating the individual defendants' liability.  *See, e.g.,* N.J.S.A. 42:2C-30 ("Liability of Members and Managers" of LLCs).

4

## **CONCLUSION**

There can be no question that SPC breached the Parties' agreement – the SPC Defendants' Answer admits as much.  Nor do the SPC Defendants have any defense to Mint Hill's breach-of-contract claim.  It is therefore clear, as a matter of law, that Mint Hill is entitled to judgment on the pleadings for the sum of $120,000 plus attorneys' fees and costs, as SPC agreed in writing.

       Respectfully submitted,

       BUCHANAN INGERSOLL & ROONEY PC
       Attorneys for Plaintiff,
        Mint Hill/Kerr/Nashville, LLC

       s/ *Christopher J. Dalton*
       Christopher J. Dalton, Esq.
       christopher.dalton@bipc.com
       BUCHANAN INGERSOLL & ROONEY PC
       550 Broad Street, Suite 810
       Newark, New Jersey 07102-4582

Dated: October 14, 2014

1049215