**NOT FOR PUBLICATION** **CLOSE**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MINT HILL/KERR/NASHVILLE, LLC, | : | |
| Plaintiff, | : | **OPINION** |
| v. | : | |
| SPC ACQUISITION COMPANY LLC, DONALD HANSON, STUART ALPERT, and PETER HANSON, | : | Civ. No. 14-4401 (WHW)(CLW) |
| Defendants. | : | |

**Walls, Senior District Judge**

This is a dispute about a contract for the sale of real property in North Carolina. The buyer allegedly breached the purchase agreement by not timely meeting its payment obligations, and the seller seeks to recover damages.

According to the Plaintiff, Defendant SPC Acquisition Company LLC ("SPC," or "Buyer"), of which Donald Hanson, Stuart Alpert and Peter Hanson ("the individual defendants") are alleged members/managers, agreed to purchase property from Plaintiff Mint Hill/Kerr/Nashville, LLC ("Mint Hill," or "Seller"). After signing the purchase agreement but before closing, SPC deposited the required earnest money with escrow agent First American Title Insurance Company, Inc. ("First American," or "Title Company"). The parties then signed an amendment to the purchase agreement, allowing SPC to delay the closing date, in exchange for additional payments to Plaintiff. SPC did not make these payments, triggering a breach of the

1

purchase agreement. The agreement limits damages in event of a breach to the earnest money and litigation expenses.

Plaintiff moves under Fed. R. Civ. P. 12(c) for judgment on the pleadings, ECF No. 14, and Defendants cross-move for the same relief. ECF No. 16. The uncontested allegations of the pleadings are sufficient to decide the case on the merits, which the Court does without oral argument under Fed. R. Civ. P. 78. SPC breached the purchase agreement. But, as SPC has already paid the required earnest money, the agreement limits Plaintiff's additional damages to its litigation expenses. The complaint states no other valid cause of action apart from breach of contract. The complaint is dismissed as to the individual defendants, who are not parties to the agreement.

## BACKGROUND

**The Agreement**

The following facts are not in dispute. On March 18, 2014, Mint Hill signed an agreement ("the Agreement," attached to the complaint as Exhibit 1) with SPC to sell SPC real property in Nashville, North Carolina. Compl. ¶ 7, ECF No. 1-1; *see also* Answer ¶ 6, ECF No. 11 (admitting Compl. ¶¶ 7-17). Mint Hill has its principal place of business in Pittsburgh, Pennsylvania; SPC is headquartered in Hackensack, New Jersey. Compl. ¶¶ 1, 6. The parties chose First American as their escrow agent and title company, and First American also signed the Agreement. *Id.* ¶ 9; Agreement at 23. The purchase price was $3,968,790, with the balance due to the title company at closing. Compl. ¶ 8; Agreement at 10, § 11(a). The Agreement required SPC to deposit $100,000 with First American as earnest money within three days of the signing of the agreement, and another $100,000 of earnest money within twenty-three days of signing. Compl. ¶ 10; Agreement at 2, §§ 4, 6. SPC missed both these deadlines, but was given

the opportunity to cure by Mint Hill each time. By April 28, 2014, SPC had deposited the required $200,000 of earnest money with First American. Compl. ¶¶ 11-15. On April 30, 2014, SPC invoked its right, under § 10 of the Agreement, to extend the closing date from May 7, 2014 to June 6, 2014. *Id.* ¶ 16. Section 10 required payment of an additional $100,000 in earnest money in order to extend the deadline, but SPC did not deposit the funds. *Id.*

**The Amendment**

On June 20, 2014, SPC, Mint Hill and First American signed an amendment to the Purchase Agreement ("the Amendment," attached to the complaint as Exhibit 5, ECF No. 1-1). *Id.* ¶ 17. The essence of the Amendment is summarized in § 4: "In consideration for the Purchase Price Increase (as defined below), and Buyer's payment of the Additional Earnest Money Deposit, the parties hereby agree to extend the Outside Closing Date from June 6, 2014 to July 14, 2014." Amendment at 2. The Additional Earnest Money Deposit would be $100,000. *Id.* at 1. The Purchase Price Increase constituted an additional payment of $20,000, which would not be credited against the remaining balance. *Id.* § 5. By signing the Amendment, SPC acknowledged that Mint Hill had "(a) completely and satisfactorily performed all obligations . . . under the Purchase Agreement and (b) [had] completely satisfied all conditions to Closing . . ." *Id.* § 3.

The parties equated a breach of the Amendment with a breach of the Agreement: "[I]f either or both of the Purchase Price Payment or Additional Earnest Money Deposit are not timely received as set forth in the preceding sentence, then Buyer shall automatically and immediately be in material breach and default of the Purchase Agreement (a 'Payment Default'), without opportunity for Buyer to cure the Payment Default." *Id.* § 7. The parties set forth the remedies for breach in § 16(b) of the Agreement: "Except for any indemnification obligation of the Buyer in this Agreement and except as set forth in Section 16(e) herein, the Seller's sole and exclusive

remedy in the event of a Default by the Buyer is recovery of damages in the amount of the Earnest Money." Agreement at 15. Section 16(e) awards "litigation expenses" to a prevailing party in any litigation arising out of the agreement. *Id.* at 16.

Section 7 of the Amendment contains the following language: "Seller's receipt of the Earnest Money, in the event of a Payment Default or any other breach or default by Buyer under the Purchase Agreement, shall not be deemed a waiver of Seller's right and entitlement to the Purchase Price Payment or Additional Earnest Money Deposit or any other rights and remedies of Seller under the Purchase Agreement." Amendment at 2. The Amendment is otherwise silent as to damages. It specifically ratifies all of the Agreement's provisions. *Id.* § 8.

SPC failed to make the additional payments required by the Amendment. Compl. ¶ 28; Answer ¶ 10. In its Answer, SPC claimed that "plaintiff did not prove it was ready and able to close as agreed." Answer ¶ 10.

On July 11, 2014, Mint Hill filed the present complaint in this Court. The complaint pleads causes of action against SPC for breach of contract, breach of the implied covenant of good faith and fair dealing, and tortious interference with contract. It seeks damages in the amount of $120,000—the $100,000 Additional Earnest Money Deposit, plus the $20,000 Purchase Price Payment—along with attorney's fees and pre-judgment interest. First American settled with Mint Hill, paying Plaintiff the $200,000 of earnest money it held in escrow. Pl.'s Reply 4; *see also* Answer ¶ 14; Stipulation of Dismissal as to First American, ECF No. 10. SPC then filed its Answer. ECF No. 11. Plaintiff now moves for judgment on the pleadings against SPC. ECF No. 14.

In response to the motion, SPC argues that material facts are in dispute, because it alleged that Mint Hill was not ready and able to close as agreed. ECF No. 16. It asks for dismissal of

Plaintiff's causes of action for breach of the implied covenant of good faith and fair dealing and tortious interference with contract, which it contends are moot or inadequately pled. SPC further requests dismissal as to the individual defendants, who are not parties to the Agreement and who are not alleged to have acted independently of SPC.

In response to SPC's claim that Mint Hill was not ready and able to close as agreed, Mint Hill argues that this allegation is irrelevant: SPC had, in the Amendment, expressly agreed that Mint Hill had satisfactorily performed its obligations under the Agreement. Pl.'s Br. 7-8; Amendment § 3. Plaintiff acknowledges that the Court need not consider its other causes of action. Pl.'s Reply 4, ECF No. 17.

## STANDARD FOR JUDGMENT ON THE PLEADINGS

A party moving for judgment on the pleadings under Rule 12(c) must demonstrate that there are no disputed material facts and that judgment should be entered in its favor as a matter of law. *See Jablonski v. Pan Amer. World Airways, Inc.,* 863 F.2d 289, 290 (3d Cir.1988). When reviewing a motion for judgment on the pleadings, the court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.*

## ANALYSIS

**SPC Is Liable to Mint Hill for Damages under the Amended Agreement**

The contract provides that it shall be governed and construed under the laws of the state where the property is located, North Carolina. Agreement § 21. According to North Carolina law, "[i]t must be presumed the parties intended what the language used clearly expresses, and the contract must be construed to mean what on its face it purports to mean." *Self-Help Ventures Fund v. Custom Finish, LLC*, 682 S.E.2d 746, 749 (N.C. 2009) (citations omitted). "When the

5

language of the contract is clear and unambiguous, construction of the agreement is a matter of law for the court, and the court cannot look beyond the terms of the contract to determine the intentions of the parties." *Piedmont Bank & Trust Co. v. Stevenson*, 339 S.E.2d 49, 52 (N.C. App. 1986) (citations omitted), *aff'd per curiam*, 344 S.E.2d 788 (N.C. 1986). "Whether or not the language of a contract is ambiguous or unambiguous is a question for the court to determine." *Id*.

The Court finds that the terms of the Amendment and Agreement are unambiguous, and that the undisputed facts make clear that SPC breached the contract. SPC admits that there was an enforceable contract among SPC, Mint Hill and First American; that Exhibit 1 is that contract; that it paid earnest money in the amount of $200,000 in partial satisfaction of the contract's terms; that the parties amended the contract and that the Amendment is attached to the complaint as Exhibit 5. Answer ¶ 6. The Amendment required SPC to pay a sum certain on a particular date, else it would be in material breach and default of the Agreement. Amendment § 7. SPC admits that it failed to make that payment. Answer ¶ 10.

SPC's statement in its Answer that the contract is "subject to interpretation and authentication" does not undo its admission that the attached Exhibit 1 was a valid contract between Plaintiff and SPC. Under the unambiguous terms restated above, which SPC admitted were in force (and authenticated by admitting their veracity), SPC breached the Agreement by failing to pay on time. Similarly, SPC's vague allegation that Mint Hill was not "ready and able" to close as agreed is ineffectual given SPC's admission of the validity of the Agreement and its Amendment. In the Amendment, SPC expressly agreed that Mint Hill had satisfactorily performed its obligations under the Agreement. Amendment § 3. It follows that SPC is liable to Mint Hill for whatever damages are allowed under the Agreement as amended.

**Mint Hill's Damages are Limited to its Litigation Expenses**

The Agreement is also unambiguous as to damages: Seller's remedy in event of Buyer's breach is the Earnest Money, along with its litigation expenses. Agreement §§ 16(b), 16(e). SPC has already paid $200,000 to First American, which First American paid to Mint Hill. Pl.'s Reply 4; *see also* Answer ¶ 14; Stipulation of Dismissal as to First American, ECF No. 10. Plaintiff may now recover its litigation expenses under § 16(e). The contract precludes additional damages.

The language in § 7 of the Amendment falls short of entitling Mint Hill to recover the $100,000 Additional Earnest Money Deposit and the $20,000 Purchase Price Payment from SPC. The clause does not *waive* the right to these payments, but it does not *establish* the right either. When stating the consequence of Buyer's failure to timely make those payments, the Amendment merely relates to the Agreement:

> "Buyer shall deliver the Purchase Price Payment and Additional Earnest Money Deposit by Federal Reserve System wire transfers no later than 5:00 pm EDST on June 23, 2014 (the 'Payment Deadline'), time being of the essence. Notwithstanding anything to the contrary in this Amendment or the Purchase Agreement, Buyer and Seller acknowledge and agree that if either or both of the Purchase Price Payment or Additional Earnest Money Deposit are not timely received . . . then Buyer shall automatically and immediately be in material breach and default of the Purchase Agreement (a 'Payment Default'), without opportunity to cure the Payment Default. Buyer and Seller further acknowledge and agree that upon Seller's written notice to the Title Company and Seller of a Payment Default, the Title Company shall promptly deliver all Earnest Money to Seller . . ."

Amendment § 7. Section 7 of the Amendment refers to three particular deposits: the "Purchase Price Payment," the "Additional Earnest Money Deposit"—both of which are subject to an earlier delivery date than the payments due at closing—and the "Earnest Money." *Id.* §§ 4, 7. It is only the "Earnest Money" that the title company must deliver to Seller in the event of a

breach. *Id.* § 7. The "Earnest Money" described in the Agreement does not include the "Additional Earnest Money Deposit" described in the Amendment. Section 7 of the Amendment specifically differentiates between the two terms: the title company is instructed to deliver the Earnest Money to the Seller in event of Buyer's default, a default which occurs if Buyer does not deliver the Additional Earnest Money and Purchase Price Payment. *Id.* § 7. Given the clear limitation of § 7 of the Agreement, Seller's entitlement to the Additional Earnest Money Deposit and the Purchase Price Payment in event of a breach might originate from a contract term more clear and direct. The Amendment contains no such provision. The Court cannot read this additional term into the contract.

**Plaintiff's Other Causes of Action Must Be Dismissed**

Plaintiff concedes that the Court need not consider its additional causes of action. Plaintiff resolved its claim against First American, and Plaintiff informed the Court in its Reply that, "because First American has released the escrow funds which the SPC Defendants had wrongfully instructed First American to withhold, Count Three (alleging tortious interference) is moot." Pl.'s Reply 4; *see also* Answer ¶ 14; Stipulation of Dismissal as to First American, ECF No. 10. This cause of action must be dismissed.

Plaintiff also allows that, "[b]ecause Defendants admit liability for breach of contract entitling Mint Hill to judgment on the pleadings, Mint Hill need not (for purposes of this motion) rely on its alternative theory of liability for breach of the implied covenant of good faith and fair dealing (Count Two)." *Id.* Plaintiff is correct. "Because the covenant of good faith and fair dealing is implied in a contract . . . a claim for breach of that covenant typically is 'part and parcel' of a claim for breach of contract." *See Ada Liss Group v. Sara Lee Corp.*, No. 1:06–CV–610, 2010 WL 3910433 (M.D.N.C. 2010). Absent some "special relationship" between the

parties, "a breach of the covenant of good faith and fair dealing is simply another way of stating a claim for breach of contract." *Id.* (citations omitted). Examples of such special relationships include "cases involving contracts for funeral services and insurance. Outside such circumstances, actions for breach of good faith fail." *See Mechanical Indus., Inc. v. O'Brien/Atkins Assocs.,* 1998 U.S. Dist. LEXIS 5389, *10 (M.D.N.C.1998) (citing cases). Here, Plaintiff's cause of action for breach of implied covenant must be dismissed, as it is duplicative of its cause of action for breach of contract.

**The Individual Defendants Must Be Dismissed from the Case**

Defendants argue that claims against the individual defendants must be dismissed, as the contract at issue was between two LLCs, and the individuals are only alleged to have acted as agents for SPC. Def.'s Br. 12-13. North Carolina law, which governs the contract, plainly states, "[a] person who is an interest owner, manager, or other company official is not liable for the obligations of the LLC solely by reason of being an interest owner, manager, or other company official." N.C.G.S. 57D-3-30. Plaintiff does not allege that the individual defendants acted independently of their roles with SPC. The claims against the individual defendants must be dismissed.[1]

## CONCLUSION

Judgment is entered against SPC in favor of Plaintiff, in the amount of Plaintiff's litigation expenses, which Plaintiff shall demonstrate through additional filings. Defendants' cross-motion for judgment on the pleadings is also granted, inasmuch as it requests dismissal of

---

[1] Plaintiff raises New Jersey law in support of its position. North Carolina law is the law of the case.

the claims against the individual defendants, and dismissal of Counts Two and Three of the complaint.

IT IS SO ORDERED:

DATE:   12/22/2014

_____
William H. Walls, U.S.D.J.
Senior United States District Judge