**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| MINT HILL/KERR/NASHVILLE, LLC, | |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| SPC ACQUISITION COMPANY LLC, DONALD HANSON, STUART ALPERT, and PETER HANSON, | Civ. No. 14-4401 (WHW)(CLW) |
| Defendants. | |

---

**Walls, Senior District Judge**

Plaintiff Mint Hill/Kerr/Nashville, LLC moves for reconsideration of this Court's order of December 22, 2014, granting Plaintiff's motion for judgment on the pleadings and entering judgment in Plaintiff's favor in the amount of its litigation expenses in bringing this action. In this motion, brought under Local Rule 7.1, Plaintiff asks the Court to reconsider its ruling as to the amount of damages to which Plaintiff is entitled. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is denied.

A motion for reconsideration will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Reconsideration motions may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised

**NOT FOR PUBLICATION**

before the entry of judgment. Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003).

In its opinion granting Plaintiff's motion for judgment on the pleadings, ECF No. 20, this Court did not overlook any settled law. There has been no intervening change in the law, and no new evidence not previously available has emerged. Plaintiff did not present anything in the motion for reconsideration that it did not present before—nothing is being said now that was not said then. As a result, this motion for reconsideration is denied. *See Max's Seafood Cafe ex rel. Lou-Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *Buffa v. N.J. State Dep't of Judiciary*, 56 Fed. App'x 571, 575 (3d Cir. 2003).

**ORDER**

This matter having come before the Court on Plaintiff's motion for reconsideration, ECF No. 22, it is hereby ORDERED that Plaintiff's motion is denied.

Date: January 7, 2015

_____
United States Senior District Judge