UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MINT HILL/KERR/NASHVILLE, LLC,

              Plaintiff,     :     **MEMORANDUM AND ORDER**

v.

SPC ACQUISITION COMPANY LLC,     :     Civ. No. 14-4401 (WHW)(CLW)
DONALD HANSON, STUART ALPERT,
and PETER HANSON,

              Defendants.

**Walls, Senior District Judge**

In accordance with the Court's earlier opinion and order, ECF Nos. 20-21, Plaintiff Mint Hill/Kerr/Nashville, LLC ("Mint Hill") applies for its litigation expenses in this matter. The arguments of Defendant SPC Acquisition Company LLC ("SPC") against awarding litigation expenses to Mint Hill are unavailing. The Court enters judgment against SPC in favor of Mint Hill in the amount of $14,362.87.

## BACKGROUND

The background of this case is set forth at length in the Court's opinion granting Mint Hill's motion for judgment on the pleadings. ECF No. 20. In that opinion, the Court found that SPC contracted with Mint Hill to purchase real property in North Carolina ("the Agreement," Ex. 1 to Compl., ECF No. 1-1) and breached the Agreement. *See* Op. at 5-6. Section 16(e) of the Agreement grants litigation expenses to the "prevailing party in any litigation arising out of [the Agreement]." Agreement at 16. The Court found that Mint Hill's recovery against SPC is limited

to its litigation expenses. *See* Op. at 7-9. The Court dismissed the claims against the other captioned defendants, who were not parties to the Agreement. *Id.* at 9.

The Agreement defines "Litigation Expenses" as including "reasonable attorneys' fees, accountant's fees, disbursements, expert witness fees, paralegal fees, reporters' fees, taxes, reproduction and printing costs . . . which are incurred in connection with any . . . litigation . . ." Agreement § 8.3. Mint Hill now makes application for its litigation expenses. ECF No. 24. Mint Hill's counsel submits records documenting litigation expenses totaling $14,362.87, including $13,260.50 in attorneys' fees (representing 35.6 hours of attorney time) and $1,102.37 in costs. Ex. A to Decl. of Christopher J. Dalton, ECF No. 24. SPC does not contest the accuracy or reasonableness of these figures.

## DISCUSSION

First, SPC argues that North Carolina law bars Mint Hill from recovering its litigation expenses, despite the Agreement's terms. Def.'s Br. 1-2. Reiterating that North Carolina law governs the case, Agreement § 21, Defendant points to the North Carolina Supreme Court's ruling that "a successful litigant may not recover attorneys' fees, whether as costs or as an item of damages, unless such a recovery is expressly authorized by statute." *See Stillwell Enterprises, Inc. v. Interstate Equip. Co.*, 266 S.E.2d 812, 814 (N.C. 1980). "Even in the face of a carefully drafted contractual provision indemnifying a party for such attorneys' fees as may be necessitated by a successful action on the contract itself, our courts have consistently refused to sustain such an award absent statutory authority therefor." *Id.* at 814-15.

Plaintiff identifies this statutory authority: "Obligations to pay attorneys' fees upon any note, conditional sale contract or other evidence of indebtedness . . . shall be valid and enforceable . . ." N.C. GEN. STAT. § 6-21.2. This statute was the basis on which the *Stillwell*

2

court allowed the award of attorneys' fees after an action for breach of a lease agreement. 266 S.E.2d at 817. *Stillwell* held that the statute authorized "the contractual allocation of attorneys' fees incurred in an action on the debt *evidenced in the contract itself.*" *Id.* (emphasis added). It interpreted "evidence of indebtedness" to reference any "printed or written instrument, signed or otherwise executed by the obligor(s), which evidences on its face a legally enforceable obligation to pay money." *Id.* North Carolina courts routinely follow this interpretation. *See, e.g., Lawrence v. Wetherington*, 423 S.E.2d 829 (N.C. 1993) (finding a contract that specified the amount owed to be sufficient "evidence of indebtedness"); *W.S. Clark & Sons, Inc. v. Ruiz*, 360 S.E.2d 814 (N.C. 1987) (enforcing an attorneys' fees provision in a credit application).

Here the Agreement is a "printed or written instrument, signed or otherwise executed by the obligor(s), which evidences on its face a legally enforceable obligation to pay money." *See* Op. at 2-4. It required SPC to pay Mint Hill certain sums at certain times, in exchange for real property. *Id.* A representative of SPC signed the Agreement, Ex. 1 to Compl. at 23, and the related amendment. *Id.* Ex. 5 at 4; *see also* Op. at 2-4. Because the Agreement is "other evidence of indebtedness," its provision awarding litigation expenses to a prevailing party is valid under North Carolina law.

Second, SPC argues that Mint Hill should not recover its litigation expenses because it is not a "prevailing party." SPC denies that Mint Hill is entitled to be designated "prevailing," because Mint Hill did not obtain the full amount of damages it requested, and the Court dismissed all other defendants from the case on SPC's cross-motion. Def.'s Br. 2. This argument is also unavailing. The Court's order is clear: "*judgment is entered in favor of Plaintiff* on the breach of contract claim *against Defendant SPC Acquisition Company LLC*, in the amount of Plaintiff's litigation expenses in bringing this case." ECF No. 21 (emphasis added). Although it

did not obtain the amount of damages it sought, Mint Hill initiated the suit against SPC, alleged that SPC breached the Agreement, and won judgment against SPC. Mint Hill prevailed. The other captioned defendants were not parties to the Agreement, and the claims against them did not arise under the Agreement—they are not "prevailing parties" under the Agreement, and the disposition of the claims against them has no bearing on the relief Mint Hill may obtain from SPC.

## CONCLUSION AND ORDER

For the reasons above, IT IS HEREBY ORDERED that judgment is entered against Defendant SPC Acquisition Company LLC in favor of Plaintiff Mint Hill/Kerr/Nashville, LLC in the amount of **$14,362.87**.

DATE: 1 April 2015

Hon. William H. Walls
Senior United States District Judge